**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

December 6, 2018

Endurance American Specialty Ins Co
750 Third Avenue, Attn; Sr Counsel, Rich A｜
New York, NY 10017
NAIC # 41718

Certified Mail
Return Receipt Requested
7017 1450 0002 1333 6764
Cashier # 42059

Re: Smokeys Hotel Management Inc. V. Endurance American Specialty Ins Co

Docket # 18-CV-786 III

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served December 4, 2018, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Sevier County
    125 Court Avenue, Ste 204E
    Sevierville, Tn 37862

EXHIBIT _A_

| Sevier County Circuit Court Sevierville, Tennessee | **STATE OF TENNESSEE CIVIL SUMMONS** page 1 of 1 | Case Number 18-CV-786 III |
|---|---|---|

SMOKEYS HOTEL MANAGEMENT INC. v. ENDURANCE AMERICAN SPECIALTY INS. CO.

Serve On:
**ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY**
**500 James Robertson Parkway**
**Nashville, TN 37243-0565**
**PLEASE SERVE THROUGH THE**
**COMMISSIONER OF INSURANCE**

*[FILED stamp: TA. D. ELLISON, CIRCUIT COURT, SEVIER COUNTY, 2018 NOV 27 AM 8:__]*

*COPY*

You are hereby summoned to defend a civil action filed against you in Circuit Court, Sevier County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: 11/27/18

*/s/ Andrea Clark D.C.*
Clerk / Deputy Clerk

Attorney for Plaintiff: **J. Brandon McWherter, Gilbert Russell McWherter Scott Bobbitt PLC**
**341 Cool Springs Blvd., Suite 230, Franklin TN 37067**

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____ County

### CERTIFICATION (IF APPLICABLE)

I, _____, Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____
Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____

Date: _____   By: _____
Officer, Title

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

Notary Public / Deputy Clerk (Comm. Expires _____)

Signature of Plaintiff _____   Plaintiff's Attorney (or Person Authorized to Serve Process)
(Attach return receipt on back)

*ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( )*

Rev. 03 11

IN THE CIRCUIT COURT OF SEVIER COUNTY, TENNESSEE
AT SEVIERVILLE

| | |
|---|---|
| SMOKEYS HOTEL MANAGEMENT INC, | |
| Plaintiff, | |
| v. | No: 18-CV-766 III |
| | JURY DEMANDED |
| ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, | |
| Defendant. | |

## COMPLAINT

COMES NOW the Plaintiff, Smokeys Hotel Management Inc., by and through counsel, and submits the following for its Complaint against Endurance American Specialty Insurance Company:

### PARTIES AND JURISDICTION

1. Smokeys Hotel Management Inc. ("Plaintiff") is a Tennessee corporation with its principal office located at 952 Parkway, Gatlinburg, Tennessee. At all times relevant hereto, Plaintiff was the owner of the structures and personal property located at 4112 Parkway, Pigeon Forge, Tennessee (the "Insured Premises").

2. Endurance American Specialty Insurance Company ("Defendant") is an insurance company conducting business in the State of Tennessee, including Sevier County, Tennessee. Defendant's principal place of business is located in the State of New York, and Defendant was organized under the laws of the State of Delaware. Defendant is a subsidiary of the Sompo International Insurance Group.

3. This Complaint originates as the result of the November 2016 wildfires and an associated windstorm that caused substantial insured losses to the structures located on the Insured Premises, and Defendant's failure and refusal to promptly and fully pay Plaintiff's insurance claim.

4. Jurisdiction and venue are proper in this Court.

## FACTS

5. At all times relevant hereto, Plaintiff was insured pursuant to an insurance contract whereby Defendant agreed to insure the commercial building and personal property located at the Insured Premises against property damage, bearing Policy No. CBP200000875801 (the "Policy"). As relevant hereto, the Policy's term was October 15, 2016 to October 15, 2017.

6. At all times relevant hereto, the Insured Premises consisted of a commercial building and surrounding area, which Plaintiff operated as a hotel known as Bear Mount Inn & Suites.

7. The Policy provided insurance coverage for direct physical loss of or damage to the building and personal property located on the Insured Premises and such other insurance coverage as specifically set forth in the Policy.

8. The Declarations page of the Policy reveals that insurance coverage was provided for the building with limits of $1,400,000 and for personal property with limits of $150,000.

9. The Policy was an "all-risks" policy, meaning that the Policy covered all risks of direct physical loss of or damage to the covered property except for those specifically excluded or limited by the Policy.

10. Pursuant to the Policy, Plaintiff paid an annual premium to Defendant in exchange for insurance coverage. Plaintiff paid the required premiums at all times relevant to this Complaint.

2

11. On November 28, 2016, the building on the Insured Premises was infested and damaged by the accumulation of soot, char, ash residue, and other wildfire debris generated as a result of the Chimney Tops 2 wildfire that struck the area, resulting in substantial direct, physical loss to the building and the personal property located therein. The direct physical loss and damage to the buildings and personal property at the Insured Premises shall hereafter be referred to as the "Loss."

12. The Chimney Tops 2 wildfire started in the Chimney Tops area of the Great Smoky Mountains National Park, approximately 5.5 miles south of the City of Gatlinburg. A high wind-driven firestorm on November 28, 2016 and into November 29, 2016 pushed the wildfire, smoke, and embers into Gatlinburg and led to evacuation of most city residences and visitors, impacting over 2,500 structures, and resulting in three deaths in the city and eleven more in Sevier County. The evacuation order was lifted on December 9, 2016. The smoke, char, ash, and other wildfire debris also impacted the Pigeon Forge area.

13. Plaintiff promptly reported the Loss to Defendant.

14. Plaintiff fulfilled all of the duties after the Loss that were imposed upon it by the Policy to the satisfaction of Defendant.

15. As it relates to the Loss, there is no applicable exclusion. The Loss is a compensable claim under the Policy.

16. Defendant acknowledged that the Loss is a compensable claim and made partial payments on the claim.

17. The payments made by Defendant to Plaintiff were insufficient to indemnify Plaintiff for the Loss pursuant to the Policy.

3

18. Plaintiff advised Defendant that the payments made were insufficient to indemnify it for its losses and disputed the amount of the loss as determined by Defendant.

19. By letter dated December 7, 2017, Plaintiff advised Defendant that it was invoking the Policy's appraisal clause because of the lack of an agreement regarding the differences between Plaintiff and Defendant regarding the amount of the loss.

20. The Policy's appraisal clause provides as follows:

**Appraisal**

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by and two will be binding. Each party will:

    a. Pay its chosen appraiser; and
    b. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

21. Plaintiff selected Chuck Howarth as its appraiser, and Defendant selected John Schneider as its appraiser.

22. Mr. Howarth and Mr. Schneider selected Wes Baldwin as the appraisal umpire.

23. Sampling and testing at the Insured Premises after the Loss revealed that smoke soot and char, consistent with wildfire, is present in the buildings. Specifically, soot and char was found in numerous samples and that the structure was damaged through the deposit of soot, char, and ash throughout the building's attic assemblies, window assemblies, interior partition walls, light fixtures, ducting, and other building components.

24. The reports and associated lab testing confirmed the presence of wildfire residue in the form of char, ash, and other wildfire indicators at high levels.

25. Wildfire residue exists in the buildings at the Insured Premises that was not present prior to the November 2016 wildfire.

26. Defendant's payments to date are inadequate to properly remedy the deposits of smoke and soot all over and within the surfaces and cavities of the Insured Premises, including areas which Defendant has never paid to clean, repair or restore.

27. Plaintiff has not been properly compensated for the damage to its buildings. Despite restoration efforts, a smoke odor is still present, and soot testing has confirmed the presence of wildfire residue in places for which Defendant has not paid to clean, treat, or properly repair.

28. The appraisal process is ongoing, and an appraisal award is anticipated in the near future.

29. With respect to legal actions against Defendant, the Policy provides that Plaintiff may not bring a legal action against [Defendant] unless "the action is brought within 2 years after the date on which the direct physical loss or damage occurred."

30. On November 9, 2018, Plaintiff requested that Defendant enter into a Tolling Agreement to allow the appraisal process time to conclude and to allow for resolution of the claim in ordinary course.

31. On November 15, 2018, Defendant's independent adjuster employed by Engle Martin, Brian Fell, advised that he had forwarded the request "direct to the carrier." Plaintiff asked Mr. Fell if there was another adjuster to which Plaintiff should be communicating with regarding

5

the request. Mr. Fell did not respond and another follow-up request for a status update was sent by Plaintiff on November 20, 2018. Mr. Fell did not respond.

32. Although the claims process is still ongoing and Plaintiff desires to resolve the claim through the ongoing appraisal process as outlined by the Policy, Plaintiff files this lawsuit out of an abundance of caution and to avoid any claim by Defendant that Plaintiff failed to comply with the contractual limitations period as set forth in the Policy.

33. To date, Defendant has failed to make full payment to Plaintiff for its covered loss. The appraisal process is ongoing, but Defendant has forced Plaintiff to file this lawsuit in order to protect its rights.

34. Defendant's failure and refusal to promptly pay the money and benefits due and owing Plaintiff under the Policy and refusal to respond to Plaintiff's request to toll the limitations period while the appraisal process is pending has caused Plaintiff to initiate this Complaint.

## CAUSES OF ACTION

### Count 1 – Breach of Contract

35. The allegations contained in the paragraphs above in this Complaint are incorporated herein by reference as if set forth verbatim.

36. The Policy issued by Defendant is a binding contract and is supported by valid consideration.

37. Defendant is in total material breach of the Policy, and Defendant is liable to Plaintiff in the maximum amount allowed by the Policy for the Loss. Specifically, Defendant's breach of contract includes the following, without limitation: (a) Defendant's failure and refusal to pay the amounts owed to Plaintiff for the Loss pursuant to the insurance coverage afforded by

6

the Policy; and (b) Defendant's failure and refusal to promptly and fully honor Plaintiff's claim for insurance benefits.

38. As a result of Defendant's breach of contract, Plaintiff has sustained substantial compensable losses for the amounts claimed under the Policy.

39. Defendant is liable to Plaintiff for its losses.

WHEREFORE, as a result of the foregoing, Plaintiff would respectfully request that this Honorable Court award a judgment to Plaintiff as follows:

A. For an Order directing the parties to complete the ongoing appraisal process to determine the amount of the Loss;

B. For compensatory damages in an appropriate amount to be determined by the jury;

C. For all costs incurred by Plaintiff as a result of this action;

D. For pre- and post-judgment interest; and

E. For such other further and general relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a jury.

7

Case 3:19-cv-00004-PLR-HBG   Document 1-1   Filed 01/03/19   Page 9 of 10   PageID #: 13

Respectfully submitted,

GILBERT McWHERTER
SCOTT & BOBBITT PLC

_____
J. BRANDON McWHERTER #21600
bmcwherter@gilbertfirm.com
JONATHAN L. BOBBITT #23515
jbobbitt@gilbertfirm.com
341 Cool Springs Blvd, Suite 230
Franklin, TN 37067
Telephone: (615) 354-1144

CLINTON H. SCOTT #23008
cscott@gilbertfirm.com
101 North Highland
Jackson, Tennessee 38301
Telephone: (731) 664-1340

*Attorneys for Plaintiff*

## COST BOND

This firm stands as surety for costs in this cause.

GILBERT McWHERTER
SCOTT & BOBBITT PLC

_____

8

Case 3:19-cv-00004-PLR-HBG   Document 1-1   Filed 01/03/19   Page 10 of 10   PageID #: 14